UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHASTITY BLUNT | CIVIL ACTION NO.: |
| VERSUS | JUDGE: |
| LYFT, INC., and INDIAN HARBOR INSURANCE COMPANY | MAGISTRATE |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Indian Harbor Insurance Company ("Indian Harbor") respectfully removes this civil action from the 24th Judicial District Court for the Parish of Jefferson to the U.S. District Court for the Eastern District of Louisiana, where the Petition could have originally been filed, based on the following grounds:

### Background

1.  Plaintiff Chastity Blunt filed her *Petition for Uninsured Motorist Benefits, Penalties, and Attorney Fees* ("Petition") in the 24th Judicial District Court for the Parish of Jefferson on December 1, 2021, against Lyft, Inc. ("Lyft") and Indian Harbor, alleging that Indian Harbor has "arbitrarily, capriciously, and without probably cause, failed to tender . . . the full amount made available" under the insurance policy issued to Lyft. Exhibit 1, Petition, ¶7.

2.  The Petition alleges that Plaintiff "is a citizen of the State of Louisiana and domiciled in New Orleans, Orleans Parish." Ex. 1, ¶1(A).

3.  Neither Indian Harbor nor Lyft are domiciled in Louisiana. Therefore, there is complete diversity of citizenship between the parties, and, as set forth herein, this Court has subject matter jurisdiction.

### Removal Prerequisites

4. Indian Harbor respectfully submits that this action satisfies all of the prerequisites for removal to this Court set forth in 28 U.S.C. § 1441.

### Venue

5. Plaintiff's suit is pending in Division L of the 24th Judicial District Court for the Parish of Jefferson. *See* Exhibit 1, Petition. Venue is proper under §1441(a) because this Court is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### Timeliness

6. 28 U.S.C. § 1446(b)(1) requires that, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Indian Harbor Insurance Company and Lyft were served with the Petition on December 14, 2021. Thus, this notice of removal is timely filed within 30 days of service.

### Consent

7. In accordance with 28 U.S.C. § 1446(b)(2)(A), Indian Harbor has obtained Lyft's consent to the removal, an executed copy of which is attached as Exhibit 2 to this Removal Notice.

### Notice to State Court

8. After filing this notice of removal, Indian Harbor will promptly file the removal notice with the Clerk of the Court of the 24th Judicial District Court and serve a copy of this

notice on opposing counsel. *See* 28 U.S.C. § 1446(d). A copy of the notice that will be filed with the 24th J.D.C. is attached to this notice of removal as Exhibit 3.

### Grounds for Removal

9. This case is removable under 28 U.S.C. §§ 1332 and 1441. Indian Harbor fully reserves its rights, including but not limited to all available arguments in support of removal, all defenses permitted by Rule 12 of the Federal Rules of Civil Procedure, and all other jurisdictional, procedural, and venue defenses, as well as defenses to the merits of this action.

10. Federal district courts have original jurisdiction of all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." § 1332 (a)(1). Federal diversity jurisdiction is proper in this matter because: (1) there is complete diversity of citizenship between the parties; and (2) it is more likely than not that the jurisdictional amount in controversy is satisfied.

### Citizenship of the Plaintiff

11. Citizenship for purposes of diversity jurisdiction is fixed as of the date on which the state court pleading is filed. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). As set forth below, complete diversity exists now and at the time Plaintiff's state court petition was filed.

12. According to the Petition, "Plaintiff is a citizen of the State of Louisiana and domiciled in New Orleans, Orleans Parish." Ex. 1, ¶1(A). The Petition alleges further that Plaintiff "is a person of full age and majority." *Id*. To be a citizen of a state within the meaning of the diversity provision, a natural person must be both (1) a citizen of the United States, and (2) a domiciliary of that state. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

13. Based on the well-pleaded allegations of the Petition, Plaintiff is a citizen of the United States domiciled in Louisiana. Consequently, the Plaintiff is now and was at the time of filing the state court action, a citizen of the State of Louisiana for purposes of this diversity analysis.

### Citizenship of Defendants

14. The two named defendants, Indian Harbor and Lyft, are both corporations. In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).

15. Indian Harbor Insurance Company is incorporated in the State of Delaware, with its principal place of business in Connecticut. As such, Indian Harbor is now and was at the time of filing the state court action, a citizen of the states of Delaware and Pennsylvania for purposes of this diversity analysis.

16. Lyft, Inc. is incorporated in the State of Delaware with its principal place of business in the State of California. As such, Lyft is now and was at the time of filing the state court action, a citizen of the states of Delaware and California for purposes of this diversity analysis.

17. Because the Plaintiff is a citizen of Louisiana and the defendants are citizens of California, Delaware, and Pennsylvania, complete diversity of citizenship exists between the parties.

### Amount in Controversy

18. Like citizenship, the removing defendant also bears the burden of proving that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th

Cir.1999). To establish diversity jurisdiction, the amount in controversy must exceed $75,000. *See* 28 U.S.C. §1441(b). However, Louisiana law prohibits a plaintiff from alleging a specific dollar amount in damages. La. Code Civ. Proc. art. 893.

19. In such cases, the removing defendant may allege the requisite the amount in controverse in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit or stipulation—that support a finding of the requisite amount." *Luckett*, 171 F.3d at 298; *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 868 (5th Cir. 2002); *Bonck v. Marriott Hotels, Inc.*, No. CIV.A. 02-2740, 2002 WL 31890932, at *1 (E.D. La. Dec. 30, 2002).

20. Although Indian Harbor denies all liability to the Plaintiff, based on the facts of this case and causes of action alleged in the Petition, is more likely than not that the amount in controversy exceeds $75,000 in this case.

21. The Petition states that "Petitioner Keyoka Banks . . . agrees that the total amount of all damages are less than $75,000." Ex. 1, ¶6. Assuming that this stipulation was not included in the Petition by error (Indian Harbor is not aware of a Keyoka Banks in this case), the amount in controversy will likely exceed the requisite amount based on the claims against Indian Harbor for violation of the duties imposed by La. R.S. §§ 22:1892, 22:1973, "and all other applicable statutes." Ex. 1, ¶¶ 7-9. Further, Plaintiff seeks to impose "additional damages, penalties, costs and attorney's fees, as provided by law." *Id*.

22. The statutory penalty imposed by La. R.S. § 22:1982 provides that, in addition to the amount of the loss, "fifty percent damages on the amount found to be due from the insurer to

the insured or one thousand dollars, whichever is greater, . . . as well as reasonable attorney fees and costs." La. R.S. § 22:1982(B)(1)(a).

23. Similarly, the statutory penalty imposed by La. R.S. § 22:1973 provides: "in addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." La. R.S. §22:1973(C).

24. In addition to the greater of the two statutory bad faith penalties, Plaintiff's petition alleges that she is entitled to the following general and special damages: past, present and future mental anguish, emotional distress, loss of enjoyment of life, physical pain and suffering, disability, impairment of wage-earning capacity, lost wages, loss of consortium, and medical expenses. Ex. 1, ¶ 3.

25. The Fifth Circuit has recognized that pleading general damages, even without specificity, will support "a substantially larger monetary basis for federal jurisdiction." *Simon v. Wal-Mart Stores, I*nc., 193 F.3d 848, 851 (5th Cir. 1999).

26. Finally, Plaintiff seeks attorney's fees under La. R.S. § 22:1982. The federal district court's jurisdictional-amount calculus must include attorney's fees when an applicable Louisiana statute allows the award of such fees. *Grant*, 309 F.3d at 869.

27. Based on the attorney's fees, penalties, and general and special damages Plaintiff seeks, it is more likely than not that the jurisdictional amount in controversy requirement is satisfied now and was satisfied when Plaintiff filed her petition in state court, for this Court to assume jurisdiction over this matter under 28 U.S.C. §1332. *See Malone v. Scottsdale Ins. Co.*, No. CIV.A. 12-1508, 2012 WL 6632440, at *4 (E.D. La. Dec. 19, 2012) (holding that removal

based on plaintiff's answer to interrogatory was untimely because, "taking into account the penalties and attorney's fees Plaintiff seeks under Louisiana law," it was facially apparent at the time the plaintiff filed her petition that the jurisdictional amount in controversy requirement was satisfied.").

### Non-Waiver of Defenses

28. By removing this action from the 24th Judicial District Court for the Parish of Jefferson, Indian Harbor does not waive and hereby reserves any available defenses.

29. By removing this action from the 24th Judicial District Court for the Parish of Jefferson, Indian Harbor does not admit any of the allegations in the Petition.

30. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that she has read the foregoing Notice of Removal. She likewise certifies that to the best of her knowledge, information, and belief formed after reasonable inquiry, the Notice is well-grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

31. Defendant Indian Harbor Insurance Company requests a trial by jury.

### Conclusion

For the foregoing reasons, this Court has diversity jurisdiction and removal is proper in this case.

**WHEREFORE,** Defendant Indian Harbor Insurance Company prays that this Notice be accepted as good and sufficient, and that this civil action be removed from 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the docket of this Honorable Court for further proceedings.

Respectfully submitted,

*/s/ Andrea L. Albert*
**ANDREA L. ALBERT (#27353)**
**CLAUDIA CARRIZALES WIMBERLY (#37628)**
**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH**
#3 Sanctuary Boulevard, Third Floor
Mandeville, Louisiana 70471
Telephone: (985) 674-6680
Facsimile: (985) 674-6681
E-mail: aalbert@gallowaylawfirm.com
E-mail: cwimberly@gallowaylawfirm.com
*Attorneys for Defendant Indian Harbor Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January, 2022 a copy of the foregoing pleading has been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2) or via the court's CM/ECF system.

*/s/ Andrea L. Albert*
**ANDREA L. ALBERT**